UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY J. ADAMS : | CIVIL ACTION NO. 3:21-1795 |
| Petitioner : | |
| v. : | (JUDGE MANNION) |
| GEORGE MILLER, : | |
| Respondent : | |

## ORDER

Petitioner, Timothy J. Adams, an inmate confined in the State Correctional Institution, Waymart, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Presently before the Court is Petitioner's motion for appointment of counsel (Doc. 6). For the following reasons, the Court will deny the motion.

## Discussion

Although prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, Coleman v. Thompson, 501 U.S. 772, 752 (1991), the court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require. . ." See 18 U.S.C. §3006A(a)(2); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace,

6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a petitioner overcomes this threshold hurdle, other factors to be examined are:

1. the claimant's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
4. the claimant's capacity to retain counsel on his or her own behalf;
5. the extent to which the case is likely to turn on credibility determinations; and
6. whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

As an initial matter, the petition appears to have arguable merit. However, Adams fails to set forth circumstances warranting appointment of

- 2 -

counsel. Tabron, supra, at 155-56. In his petition, Adams, demonstrates the ability to present comprehensible arguments. The legal issues in this case are relatively clear and will not require expert testimony. Furthermore, despite his incarceration, investigation of the facts does not seem beyond Adams' capabilities.

Based on the foregoing, it does not appear that Adams will suffer prejudice if allowed to prosecute this case on his own. Furthermore, this court's duty to construe *pro se* pleadings liberally, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Adams' apparent ability to litigate this action, militate against the appointment of counsel. Hence, the court will deny Adams' motion for appointment of counsel. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Petitioner.

**IT IS HEREBY ORDERED THAT** Petitioner's motion for appointment of counsel (Doc. 6) is **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated:  November 15, 2021
21-1795-02