UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHEY J. ADAMS, | : |
| Petitioner | : CIVIL ACTION NO. 3:21-1795 |
| v. | : (JUDGE MANNION) |
| GEORGE MILLER, | : |
| Respondent | : |

### MEMORANDUM

Petitioner, Timothy J. Adams, an inmate confined in the State Correctional Institution, Waymart, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks a conviction imposed by the Court of Common Pleas for Bradford County, Pennsylvania. Id. A response (Doc. 22) and traverse (Doc. 24) having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition will be dismissed as untimely under the statute of limitations, see 28 U.S.C. §2244(d).

I. **Background**

The procedural background, extracted from the Pennsylvania Superior Court's March 18, 2020 Memorandum Opinion, affirming the denial of Adams' petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), is as follows:

> On March 3, 2014, Adams pled guilty to unlawful contact with a minor, obstructing administration of law or other government function, and the failure to verify address.[1,2] That same day, the trial court sentenced Adams to an aggregate prison term of 63 to 132 months. Adams filed no direct appeal of his judgment of sentence.
>
> On August 17, 2017, Adams filed a *pro se* first PCRA Petition. The PCRA court appointed counsel, who filed an Amended PCRA Petition. The PCRA court conducted a hearing on Adams' Amended PCRA Petition and, on December 14, 2018, the PCRA court denied Adams' PCRA Petition as untimely filed. Adams timely filed a Notice of Appeal, and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.[3]

---

[1] See 18 Pa.C.S.A. §§6318, 5101, 4915.1.

[2] According to Adams, the counts of obstruction and failure to verify were based upon an underlying West Virginia conviction, which occurred in 1998.

[3] Our review discloses that on February 27, 2019, while his first PCRA appeal was pending, Adams filed a second PCRA Petition. On March 3, 2019, the PCRA court issued Notice of its intention to dismiss Adams's second PCRA Petition without a hearing. It is not clear from the record whether the second PCRA Petition was dismissed. However, the existence of a second, pending PCRA Petition does not affect our jurisdiction over the present appeal. See Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000) (holding that where a PCRA appeal is pending, a subsequent PCRA petition cannot be filed until resolution of review of the pending PCRA petition by highest state court in which review is sought, or at expiration of the time for seeking such review).

Adams raises the following claim for our review:

> Did the trial court commit reversible error by denying [Adams] PCRA relief[,] in the form of vacating [his] convictions[,] when [his] sentence was an illegal sentence as a result of ex post facto/retroactive/illegal application of SORNA[4] to [Adams'] sex offenses conviction out of West Virginia, thereby making [Adams'] sex offender reporting obligations more onerous, when such ex post facto/retroactive/illegal application of SORNA to [his] West Virginia conviction occurred after [Adams] had already satisfied his ten[-]year sex offender registration and reporting requirements[,] and when SORNA has been struck down as being unconstitutional by the Pennsylvania Supreme Court following [Adams'] convictions in the instant matter?

Brief for Appellant at 3-4 (footnote added, some emphasis and capitalization omitted).

(Doc. 22-2 at 14-15, Commonwealth of Pennsylvania v. Adams, No. 38 MDA 2019). On March 18, 2020, the Superior Court found that "Adams' PCRA petition was untimely filed, and he ha[d] not established an exception to the timeliness requirement." Id. Thus, the Superior Court agreed that "the PCRA court lacked jurisdiction to consider the merits of Adams' PCRA petition" and affirmed the PCRA court's denial of post-conviction relief. Id.

On October 20, 2021, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1).

---

[4] SORNA is the commonly-used acronym for the "Sex Offender Registration and Notification Act," 42 Pa.C.S.A §§9799.10-9799.41.

## II.     Discussion

The court shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). A petition filed under §2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. §2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Pursuant to §2244(d), evaluation of the timeliness of a §2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States. See Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012).

Petitioner was sentenced on March 3, 2014. No direct appeal was filed. Thus, his judgment became final on April 2, 2014, thirty days after he was sentenced. See PA.R.APP.P. 903(a) ("[T]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, Adams had one year after his sentence became final to file his federal habeas petition. The AEDPA statute of limitations under §2254(d)(1)(A) expired on April 2, 2015. However, Adams did not file the instant petition until October 6, 2021, over six years after the expiration of the statute of limitations. Thus, the instant petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

### A. Statutory Tolling

The federal habeas corpus statute, as amended by AEDPA, specifically provides that only "properly filed" applications for State post-conviction or other collateral review can toll the one-year limitations period. 28 U.S.C. §2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that an untimely filed Pennsylvania PCRA petition was not a "properly filed application" under AEDPA). The PCRA Court dismissed Adams' PCRA petition as untimely, and this Court is bound by that timeliness determination.[5] See Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012); Merritt v. Blaine, 326 F.3d 157, 161-68 (3d Cir. 2003) . Because an untimely petition is not "properly filed," the PCRA petition did not toll Petitioner's one year limitations period under AEDPA, and the habeas petition remains untimely. See Pace, 544 U.S. at 417. As a result, absent equitable tolling or the applicability of the actual innocence exception, Adams' federal habeas petition filed on October 6, 2021, is over six years late.

### B. Equitable Tolling

---

[5] The PCRA has its own one-year statute of limitations, which is codified at 42 Pa. Cons. Stat. §9545(b). Unlike AEDPA's one-year statute of limitations, the PCRA's one-year statute of limitations is jurisdictional. See Commonwealth v. Ali, 86 A.3d 173, 177 (Pa. 2014).

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner

has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Additionally, the Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his §2254 petition notwithstanding the existence of "a procedural bar ... or ... expiration of the statute of limitations" under the miscarriage of justice exception. See McQuiggin v. Perkins, 569 U.S. 383 386 (2013). Such claims, however, are "rarely successful." See Schlup v. Delo, 513 U.S. 298, 324 (1995). To prevail under this standard, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." See id. at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." See id. at 316.

In the instant case, Adams fails to present sufficient evidence to account for his delay in seeking federal habeas relief from this Court. Moreover, Adams does not indicate that extraordinary circumstances obstructed his pursuit of such relief. Finally, Adams advances no claim of

actual innocence or the discovery of new evidence that would support such a finding. Even more compelling is that Adams pled guilty to unlawful contact with a minor, obstructing administration of law or other government function and the failure to verify address. Any claim of actual innocence is belied by Adams' admission of guilt. See, e.g., Woldsmit v. Mooney, 2016 WL 2940449, at *4 (E.D. Pa. Mar. 8, 2016), report and recommendation adopted, 2016 WL 2897412 (E.D. Pa. May 18, 2016) (noting that courts have rejected actual innocence where the petitioner pled guilty to the offense); Williams v. Holland, 2014 WL 1385192, at *4 (E.D. Ky. Apr. 9, 2014) (rejecting petitioner's actual innocence claims based on McQuiggin where he pled guilty to the offenses). Accordingly, the Court concludes that there is no basis for the limitations period to be equitably tolled in this matter.

### III.  **Certificate of Appealability**

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

**IV.** **Conclusion**

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus will be dismissed as untimely.

A separate Order will issue.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**DATE: August 23, 2022**
21-1795-01